# Commonwealth ex rel., Trustees of Mothers' Assistance Fund of Philadelphia County, *v.* Powell, Appellant.

*Mothers—Pensions—Acts of April 29, 1913, P. L. 118, and June 18, 1915, P. L. 1038—Death of husband—Absence for seven years—Presumption.*

1. The women for whom charitable provision is made under the Act of June 18, 1915, P. L. 1038, amending the Act of April 29, 1913, P. L. 118, are not, as under the Act of 1913, those whose husbands have abandoned them but those "whose husbands are dead or permanently confined in institutions for the insane"; and the word "dead" as used in such act is to be given its popular, natural and ordinary meaning, and an award cannot be made upon a presumption of death arising from the absence of the husband for seven years.

2. While for most judicial purposes there is a presumption of the death of a person of whom no account can be given at the expiration of seven years from the time he was last known to be living, such presumption is one of fact and may be overcome by legitimate evidence opposed to it, such as proof that the absentee had a motive for his silence, as that he was a fugitive from justice, had absconded from his creditors, had escaped from a place of involuntary detention, or had other reasons for concealing his identity.

Argued Jan. 29, 1917. Appeal, No. 8, May T., 1917, by respondents, from judgment of C. P. Dauphin Co.,

Commonwealth Docket, 1916, No. 40, awarding mandamus, in case of Commonwealth ex rel., Trustees of Mothers' Assistance Fund of Philadelphia County, v. Archibald W. Powell, Auditor General. Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ. Reversed.

Petition for mandamus. Before KUNKEL, P. J.

The opinion of the Supreme Court states the facts.

The court awarded a peremptory mandamus as prayed for. Respondent appealed.

*Error assigned* was in awarding the peremptory mandamus.

*Joseph L. Kun,* Deputy Attorney General, with him *Francis Shunk Brown,* Attorney General, for appellant. —The Act of April 29, 1913, P. L. 118, as amended by the Act of June 18, 1915, P. L. 1038, does not authorize the trustees appointed under this act to give financial assistance to mothers whose husbands have been absent and unheard of for seven years or over. Unexplained absence does not in itself at common law render the absentee dead or justify the court in assuming the death of the absentee where reasons for such absence can be shown: Winter v. Supreme Lodge, Knights of Pythias of the World, 69 S. W. Repr. 662; Wolff's Est., 12 W. N. C. 535; Ulrich's Est., 14 Philadelphia 243; Morrison's Est., 183 Pa. 155; Appeal of Esterly et al., 109 Pa. 222; Vought et al. v. Williams, 8 L. R. A. 591.

*Hiram B. Calkins,* with him *Ira Jewell Williams,* for appellee.—A presumption of death arises by reason of an unexplained absence for over seven years: Appeal of Esterly, 109 Pa. 222; Berks County v. Pile, 18 Pa. 493; Mutchler v. City of Easton, 148 Pa. 441; Loux v. Fox, 171 Pa. 68.

OPINION BY MR. CHIEF JUSTICE BROWN, February 12, 1917:

By the Act of April 29, 1913, P. L. 118, provision was made for monthly payments, after approval by trustees appointed by the governor, to "indigent, widowed, or abandoned mothers, for partial support of their children in their own homes." This was changed by the Act of June 18, 1915, P. L. 1038, which provides that such payments are to be made "to women who have children under sixteen years of age and whose husbands are dead or permanently confined in institutions for the insane, when such women are of good repute, but poor and dependent on their own efforts for support, as aid in supporting their children in their own homes."

The proceeding under review on this appeal was instituted in the court below for the procurement of a writ of mandamus to compel the auditor general of the Commonwealth to draw his warrant upon the state treasurer for the payment of a sum of money to the mother of four children, a resident of the County of Philadelphia. The relators are trustees duly appointed by the governor for that county. The facts involved were agreed upon in a case stated. Benjamin Wilbur, the husband of Edwina Wilbur, the mother of the four children, disappeared in the year 1906, and has never been heard of since. The trustees, in view of his unexplained absence for seven years and upwards, found that he was dead, and approved the application of his wife for the relief provided for by the statute. The learned court below sustained the application for relief on the ground of the presumption of the death of the applicant's husband. The correctness of this is the sole question before us.

The women for whom charitable provision is made by the Act of 1915 are not, as under the Act of 1913, those whose husbands have abandoned them, but those "whose husbands are dead or permanently confined in institutions for the insane," and, before trustees can award relief under the later act, it must appear to them that the

husband of the applicant is dead, if her application is based upon his death.   While the rule is well settled for most judicial purposes that there is a presumption of the death of a person of whom no account can be given at the expiration of seven years from the time he was last known to be living, this presumption, like all others of fact, may be overcome by legitimate evidence opposed to it.   "Any fact which fairly and reasonably tends to rebut the inference assumed to be correct in the presumption of death is admissible.   For example, it may be shown by the opponent that the absentee had a motive for his silence, as that he was a fugitive from justice, had absconded from his creditors or has some other reason for concealing his identity.   So one who has run away from an orphan asylum, prison, jail or other places of involuntary detention, will not be inferred or assumed to be dead from the same facts which might fairly ground the inference or assumption in case of one with less inducement to conceal his whereabouts": Chamberlayne on The Modern Law of Evidence, Vol. II, Sec. 1117.   It is, however, unnecessary to dwell upon the rule as to the presumption of the death of a person after the expiration of seven years from the time he was last known to be living, for that rule is not involved in the case before us.   When the legislature made provision for women "whose husbands are dead," it is to be conclusively presumed that husbands actually dead, and not merely presumably so, were in the legislative mind.   The whole matter was for legislative consideration, and the legislature might have extended the beneficent provisions of the Act of 1915 to women whose husbands are presumed by the law to be dead; but it did not do so, and, until it does, the act must be construed as it is written, and the word "dead" given its popular, natural and ordinary meaning: Commonwealth v. Bell, 145 Pa. 374; Keller v. Scranton, 200 Pa. 130.

The judgment for the relators on the case stated is reversed, and is here entered for the defendant.