## Mothers' Assistance Fund.

*Mothers' assistance—Remarriage of mother and subsequent divorce—Act of July 10, 1919.*

1. Under the Act of July 10, 1919, P. L. 893, where a mother with four dependent children remarries after the death of her husband, but thereafter secures a divorce from her second husband, she is entitled to assistance from the Mothers' Fund if she is poor, of proved character, and the children are still dependent upon her for support.

*Desertion by husband—Absence for more than seven years—Presumption of death.*

2. Where a woman is deserted by her husband, and she is not able to find him for seven years, she is not entitled, after the expiration of that period, to assistance from the Mothers' Assistance Fund on the presumption that her husband is dead.

Department of Justice. Opinion to Miss Blanche E. Stauffer, Supervisor of Mothers' Assistance Fund.

BROWN, Dep. Att'y-Gen., Dec. 19, 1923.—Your letter of the 14th instant, asking for an opinion from this department covering two distinct cases, has been referred to me.

The first case is that of a mother whose husband died, leaving her with four dependent children. The mother remarried, but secured a divorce some time later. There were no children by the second marriage. The mother has the four children by her first marriage with her, and you now desire to be advised if she is entitled to assistance from the Mothers' Assistance Fund.

4 D. & C.

Mothers' Assistance Fund.

The Act of July 10, 1919, P. L. 893, repeals and takes the place of two previous acts—the Act of April 29, 1913, P. L. 118, and the Act of June 18, 1915, P. L. 1038. The title of the Act of 1919 begins with these words: "Providing for assistance to certain mothers," and while I cannot find that the act has ever been construed by any of the courts, its meaning is not difficult to understand.

Section 6 of the act provides as follows: "It shall be the duty of the board of trustees to provide, from the funds made available under the provisions of this act, as aid in supporting their children in their own homes, assistance to poor and dependent mothers of proved character and ability who have children under the age of sixteen years, and whose husbands are dead or permanently confined in institutions for the insane."

As was said by Deputy Attorney-General Swope in an opinion to your department: "Under this section there are three qualifications for the mothers who are to receive assistance from this fund: (1) They must be mothers who are supporting their children in their own homes; (2) they must be poor and dependent mothers of proved character and ability who have children under the age of sixteen years; (3) they must be mothers whose husbands are dead or permanently confined in institutions for the insane."

In the case now under consideration, the mother is, supporting the children in their own home. She is poor and dependent, of proved character and ability, and has children under the age of sixteen years. Her husband, the father of the children who are with her, and who are under the age of sixteen years, is dead. The children, so far as is shown, never left the home and care of the mother.

The real purpose of this legislation was undoubtedly to alleviate the condition of want and dependence of families which have permanently lost the usual and natural support furnished by the father and husband. The law was passed as much for the benefit of the dependent children as for the mother, and to hold that a mother, under the facts as given in this case, is not entitled to assistance would be to deprive the children of that aid to their support intended by the act.

The effect of the divorce was to restore her to her former condition and to give to her the rights she had before the marriage. She is in the same position she would have been if such marriage had never taken place. Why, then, shall she be deprived of the privilege of seeking assistance from a source provided by a beneficent law. As was said by Mr. Justice Agnew in Overseers of Williamsport v. Overseers of Eldred, 84 Pa. 429: "Humanity and law, its handmaid, do not say nay."

You are, therefore, advised in this case that the mother is entitled to assistance from the Mothers' Assistance Fund. The right of this mother to assistance, if her second husband was not divorced from her and was living, is not decided. That question can be passed upon when, if ever, it arises.

The second case you ask to be advised about is as follows: A woman was deserted by her husband more than seven years ago, and all efforts to locate him have failed. Is she entitled to assistance from the Mothers' Assistance Fund on the presumption that her husband is dead?

While the rule is well settled for most judicial purposes that there is a presumption of the death of a person of whom no account can be given at the expiration of seven years from the time he was last known to be living, this presumption, like all others of fact, may be overcome by legitimate evidence opposed to it.

Mothers' Assistance Fund.

The language of the Act of June 18, 1915, P. L. 1038, and of July 10, 1919, P. L. 893, is identical in referring to mothers entitled to assistance. The language is as follows: "Whose husbands are dead or permanently confined in institutions for the insane."

While the Act of 1919 has never been passed upon by the courts, the Act of 1915 has been, and the very question here being considered has been decided. In Com. ex rel. Mothers' Assistance Fund v. Powell, 256 Pa. 470, the Supreme Court held the women for whom charitable provision is made, under the Act of June 18, 1915, amending the Act of April 29, 1913, are not, as under the Act of 1913, those whose husbands have abandoned them, but those "whose husbands are dead or permanently confined in institutions for the insane," and the word "dead," as used in such act, is to be given its popular, natural and ordinary meaning, and an award cannot be made upon a presumption of death arising from the absence of the husband for seven years.

The Supreme Court said: "When the legislature made provision for women 'whose husbands are dead,' it is to be conclusively presumed that husbands actually dead, and not merely presumably so, were in the legislative mind. The whole matter was for legislative consideration, and the legislature might have extended the beneficent provisions of the Act of 1915 to women whose husbands are presumed by the law to be dead; but it did not do so, and, until it does, the act must be construed as it is written, and the word 'dead' given its popular, natural and ordinary meaning: Com. v. Bell, 145 Pa. 374; Keller v. Scranton, 200 Pa. 130."

You are advised that a woman whose husband deserted her more than seven years ago, and of whom nothing has been heard since, is not entitled to assistance from the Mothers' Assistance Fund on the presumption that he is dead.

From C. P. Addams, Harrisburg, Pa.