# Evans, Appellant, *v.* Luzerne County.

*Public officers—Assistant clerk of orphan's court—Increase of salary— Constitutional law.*

An assistant clerk of a separate orphan's court is a public officer within the meaning of the constitution, which prohibits the increase or the diminution of the salary of any public officer "after his election or appointment." The fact that no fixed term is attached to such office is immaterial.

Argued March 3, 1913.   Appeal, No. 12, March T., 1913, by plaintiff, from judgment of C. P. Luzerne. Co., Feb. T., 1912, No. 340, for defendant on case stated in suit of George J. Evans v. Luzerne County.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Case stated to determine liability of county for salary of a public officer.

The opinion of the Superior Court states the case.

*Error assigned* was the judgment of the court in favor of the defendant.

*Edward A. Lynch,* with him *Frank McCormick,* for appellant.

*William S. McLean, Jr.,* for appellee.

PER CURIAM, July 16, 1913:

The question involved in this appeal is, whether an assistant clerk of a separate orphans' court is a public officer, within the meaning of sec. 13, art. III, of the constitution, which prohibits the increase or the diminution of the salary of any public officer "after his election or appointment." By assistant clerk is meant, in the case before us, an assistant clerk appointed by virtue of the

authority given, and having the powers and subject to the duties contemplated, by sec. 22 of art. V of the constitution, relating to the establishment of separate orphans' courts and the legislation adopted to carry it into effect. Whilst no decision of our supreme court rules the precise question before us, there are two decisions which relate so directly to the nature of such official position and to the powers and duties attached to it, as to leave little room for disputing that it is a public office. A reference to these decisions is all that we deem it necessary to add to the clear and satisfactory opinion of the common pleas in the present case. In Reid v. Smoulter, 128 Pa. 324, it was said: "The constitution creates the office of assistant clerk, and the legislature fixes the salary, but the latter cannot deprive him of his office by refusing him his salary." Then, after citing the principle enunciated and applied in Com. v. Gamble, 62 Pa. 343, the opinion proceeds: "So in this case, the adjustment of the salary is given to the legislature, yet as the clerk derives his office directly from the constitution, the legislature cannot expel him from it by repealing the act fixing the amount of his salary." In further exposition of this view, the court said: "It is true that the salary is a matter which, by the constitution, is submitted to the discretion of the legislature. In the exercise of that discretion, by the act of 1874 the salary was fixed at $1,500, and this rule of compensation will continue until, by some other statute, it is changed. The salary first fixed may perhaps be increased or diminished, subject to the restriction of the 13th section of the 3d article of the constitution, as the legislature should from time to time see fit to provide, but to repeal the provision for a salary altogether, is to remove the clerk from his office." Here is a clear and unequivocal recognition of the position of assistant clerk of the separate orphans' court as a constitutional office and of the holder thereof as an officer, as distinguished from a mere ministerial agent or employee. This view was still more clearly brought out in the recent case of Seltzer v. Fertig, 237 Pa. 514,

where the court said: "Nor are we able to regard an assistant clerk of the orphans' court as a mere petty officer. The office is expressly recognized by the constitution, and its duties involve the keeping of the records of the court, the handling of public moneys, the granting of marriage licenses, and the issuing of process in the name of the court. The proper discharge of these duties calls for the exercise of prudence and discretion. In our opinion, assistant clerks of the orphans' court are properly to be regarded as appointed officers within the meaning of the constitution, and as such it follows that they 'may be removed at the pleasure of the power by which they shall have been appointed.'" By reference to the opinion of Justice Brown of the supreme court, and of Judge Henderson of this court, in Richie v. Phila., 225 Pa. 511, s. c., 37 Pa. Superior Ct. 190, it will be seen that one of the principal tests by which it is determined that an office is a public one, within the meaning of the constitution, is, that the holder of it exercises grave public functions and is clothed for the time being with some of the powers of sovereignty. As we understand the portion of the opinion in Seltzer v. Fertig which we have quoted, the court was speaking generally of the powers and duties attached to the office of assistant clerk, and not merely of the evidence in that case as to the powers and duties of the respondent. So here, in the absence of anything in the case stated to show the contrary, it is to be presumed that the plaintiff had all the powers attached to the office generally, and we think it clear that an office having attached to it such grave public duties and responsibilities as are pointed out in Seltzer v. Fertig, and in the opinion of Judge Strauss in the present case, is a public office. The fact that no fixed term is attached to the office does not militate against the conclusion that it is a public office within the meaning of sec. 13, art. III, of the constitution, for it will be observed that the prohibition of that section, so far as relates to the increase or diminution of salary, is not "during the term" of the officer, but "after his election or appoint-

ment." The framers of the constitution evidently had in mind public officers removable "at the pleasure of the power by which they shall have been appointed," as well as those elected or appointed for fixed terms. In this respect the provision of our constitution differs from many of those of other states which are construed in the cases cited in the able brief of appellant's counsel, and, therefore, this distinguishes those cases from the present.

The judgment is affirmed.