# Long *v.* Cheltenham Township School District, Appellant.

*Constitutional law—Amendment—"Municipality"—Words and
phrases—School district—School law—Increase of indebtedness—
Maxim.*

1. A constitutional amendment must be considered in its en-
tirety in order to determine the meaning of a particular word used
therein.

2. In considering an amendment to the Constitution a voter is
not called upon to examine any other provision of the constitution
than that specified in the amendment, or any statute of the State,
and the amendment should be construed in view of these facts.

3. Ordinary words used in the Constitution must be construed in
their popular and general sense, as the people who voted for it
probably understood them.

4. The word "municipality" as used in the last sentence of article IX, section 15, of the Constitution of Pennsylvania, must be given the same meaning as it necessarily has in the preceding sentences of the same section.

5. A school district is not a municipality within the purview of the last sentence of article IX, section 15, of the Constitution.

Argued February 1, 1921. Appeal, No. 255, Jan. T., 1921, by defendant, from decree of C. P. Montgomery Co., April T., 1920, No. 4, in equity, awarding injunction, in case of George W. Long, individually, and on behalf of all other taxpayers of the School District of Cheltenham Township. Before MOSCHZISKER, C. J., FRAZER, WALLING and SCHAFFER, JJ. Affirmed.

Bill in equity for an injunction. Before MILLER, J.

The opinion of the Supreme Court states the facts.

The court entered a decree awarding an injunction. Defendant appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Chas. Henry Scott, Jr.,* and *N. H. Larzelere,* of *Larzelere, Wright & Larzelere,* with them *Townsend, Elliott & Munson,* for appellant.—A school district is clearly within the term "municipality": Bulkley v. Eckert, 3 Pa. 368; Sprague v. Baldwin, 18 Pa. C. C. R. 568.

*Aaron S. Swartz, Jr.,* with him *John M. Dettra, Samuel H. High* and *Montgomery Evans,* for appellees.

OPINION BY MR. JUSTICE SIMPSON, February 21, 1921:

Plaintiff, as a taxpayer, filed a class bill against defendant to restrain it from further borrowing money and issuing bonds therefor, alleging that so to do would increase its total indebtedness to more than seven per centum (though less than ten per centum) of the assessed valuation of the taxable property in the school district, in violation of article IX, section 8, of the Constitution of the Commonwealth. Defendant admitted its inten-

tion to make the loan, and averred, as authority therefor, article IX, section 15, of the Constitution, adopted November 4, 1913, and the consent of more than three-fifths of the electors of the school district duly obtained at a public election held for the purpose of determining whether they would agree to the increase of indebtedness. The court below granted an injunction and the school district appeals.

Admittedly the only question involved is, whether or not a school district is a "municipality" within the meaning of that word as used in the last sentence of article IX, section 15, as follows: "No obligations which have been heretofore issued, or which may hereafter be issued, by any county or municipality, other than Philadelphia, to provide for the construction or acquisition of waterworks, subways, underground railways or street railways, or the appurtenances thereof, shall be considered as a debt of a municipality, within the meaning of section 8 of article IX of the Constitution of Pennsylvania or of this amendment, if the net revenue derived from said property for a period of five years, either before or after the acquisition thereof, or, where the same is constructed by the county or municipality, after the completion thereof, shall have been sufficient to pay the interest and sinking fund charges during said period upon said obligations, or if the said obligations shall be secured by liens upon the respective properties, and shall impose no municipal liability. Where municipalities or counties shall issue obligations to provide for the construction of property, as herein provided, said municipalities or counties may also issue obligations to provide for the interest and sinking-fund charges accruing thereon until said properties shall have been completed and in operation for a period of one year; and said municipalities and counties shall not be required to levy a tax to pay said interest and sinking-fund charges, as required by section 10 of article IX of the Constitution of Pennsylvania, until after said properties shall have been

operated by said counties or municipalities during said period of one year. Any of the said municipalities or counties may incur indebtedness in excess of seven per centum of the assessed valuation of the taxable property therein, if said increase of indebtedness shall have been assented to by three-fifths of the electors voting at a public election, in such manner as shall be provided by law."

It is practically conceded that a school district is not usually considered a "municipality" (Ayars' App., 122 Pa. 266, 283; Briegel v. Phila., 135 Pa. 451, 458); but it is claimed that in article IX, sections 8 and 10, referred to in the foregoing amendment, and elsewhere in the Constitution and statutes, the word is used in a sense broad enough to include a school district; and hence, in interpreting section 15, it should receive the same enlarged construction. We cannot agree with this contention. If it was correct, the word "county," so frequently used in the section, would be wholly superfluous, for it is as much a "municipality," under this construction, as is a school district.

Moreover, the entire section must be construed together in order to ascertain its meaning. Admittedly "municipality," in the preceding sentences of the section, does not include a school district, but only municipalities proper; for the former has no right to construct or acquire "waterworks, subways, underground railways or street railways." Repeatedly in those earlier sentences the words "said municipalities and counties" are used, and hence the "said municipalities and counties" referred to in the final sentence—ex antecedentibus ex consequentibus fit optima interpretatio—can only be the same "municipalities and counties" which are designated so frequently theretofore.

Furthermore, where ordinary words are used in the Constitution, they must be construed in their popular and general sense, as the people who voted for it would understand them (Keller v. Scranton, 200 Pa. 130; Com.

ex rel. v. Powell, 256 Pa. 470, 473); and certainly the average citizen, even if he thought a "school district" might sometimes be called a "municipality," would never have supposed, when he voted for article IX, section 15, that he was increasing the borrowing capacity of any public body, save such as, under the prior sentences, he believed did or should have the right to construct or acquire "waterworks, subways, underground railways or street railways."

The conclusion above reached obviates the necessity of considering the various other provisions of the Constitution and statutes in which the word "municipality" is used; for the elector had none of them before him when he voted on section 15, and, since it was not specified as an amendment of any other section, he was not called upon to examine anything else than that for which his vote was cast.

The decree of the court below is affirmed, and the appeal is dismissed at the cost of appellant.