# McKinney *v.* County of Northumberland, Appellant.

*Constitutional law—County commissioners—Increase of salary —Appointee to fill vacancy—Right to increase salary.*

An appointee, appointed to fill a vacancy created by death in the office of county commissioner, is entitled to the salary provided in the act of assembly in force at the time of his appointment

Article III, section 13, of the Constitution of Pennsylvania, which provides that no law shall increase or decrease the salary of any public officer during his term of office, does not operate to prevent such appointee from receiving the salary provided in the act in force at the time of his appointment, even although the former incumbent was not entitled to receive that salary.

Argued October 27, 1920.    Appeal, No. 224, Oct. T., 1920, by County of Northumberland, from judgment of C. P. Northumberland County, No. 170, Feb. T., 1920, in favor of plaintiff in the case of S. H. McKinney v. County of Northumberland.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Case-stated to determine the amount of salary to which the plaintiff was entitled as county commissioner of Northumberland County.  Before CUMMINGS, P. J.

The facts are stated in the opinion of the Superior Court.

The court held that the plaintiff, having come into his office by appointment after the passage of the Act of June 7, 1917, P. L. 570, was entitled to compensation under the provisions of said act for his services as county commissioner at the rate of $2,500 per year, and entered judgment in favor of the plaintiff for the sum of $758.33.

*Error assigned,* among others, was the judgment of the court.

*Herman F. Reich,* and with him *F. A. Witmer* and *C. M. Clement,* County Solicitor, for appellant.—A county commissioner is a public officer and under section 3, of article III, of the Constitution his salary could not be increased during his term of office. The same restriction applies to one appointed to fill an unexpired term: Com. v. Wise, 216 Pa. 152; C. A. Storke v. Emil Goux, 129 Cal. 526; Hoffman v. The County of Lehigh, 6 Lehigh 134; Increase of Salary of Harbor Master, 14 Dist. Rep. 719; Com. v. Mathues, 210 Pa. 377; Schultsman v. McCarthy, 16 Pa. C. C. R. 600; Endlich's Interpretation of Statutes, sections 518 and 519, p. 727.

*J. Fred. Schaffer,* for appellee.

OPINION BY TREXLER, J., March 5, 1921:

In November, 1915, P. Joseph Schmidt was duly elected as one of the county commissioners of Northumberland County, to serve for a period of four years from the first Monday of January, 1916. In December, 1918, Schmidt died and S. H. McKinney, the plaintiff, was appointed by the court to fill Schmidt's unexpired term, to serve until the first Monday in January, 1920. When Schmidt was elected the salary of the office was $1,800 per annum. Under the Act of June 7, 1917, P. L. 570, the salary was raised to $2,500 per annum. Was McKinney entitled to the former or the latter salary? Article III, Sec. 13 of the Constitution provides that, "No law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment." It will be observed that the subject of this section is, "Public Officer." The term shall not be extended for any public officer nor shall his salary be increased or diminished after the election or appointment The words are plain and the test to be applied is evident. If the salary be increased or diminished after his election or appointment, the prohibition of the section applies. The language being plain we are not aided by any

rules of construction nor should our conclusion be changed by showing that certain inequalities may arise. There are three commissioners, and the commissioner who is appointed to fill the unexpired term gets more than any one of the others. Such arguments apply where there is a doubt in the meaning of the words but it is no aid to us in the present case. It is a forced construction to make the appointed officer take the place of the deceased officer and argue that he occupies the same position as the one who was elected prior to the passage of the act. The prohibition of that section is not during the term of the officer, but after his election or appointment: Evans v. Luzerne Co., 54 Pa. Superior Ct. 44. Our attention has been called to decisions in other states, particularly Storke v. Goux, 129 Cal. 526. The language of the Constitution of California is not the same as ours. Under our law the status of the officer is determined at the time of his appointment or election. As we have stated, any law affecting his salary passed after the date of his appointment or election will not apply to him. Where the language used refers to his term of office a different construction may follow. The term has an existence independent of the officer and it may be argued that when a reference is made to the term it means the fixed term designated by law, and any increase during that period is covered by the constitutional provision, but our Constitution applies only to those who have been elected or appointed before the passage of any act changing their salaries.

We think the learned trial judge was right in the conclusion reached.

The judgment is affirmed.