## Thompson v. Clearfield County.

*Constitutional law—County controller—Counties of fifth class—Increase of salary—Act to take effect at future date—Act of May 20, 1921.*

1. The effect of the 13th section of article iii of the Constitution of Pennsylvania is to hold in abeyance laws fixing the salaries of public officials, in pursuance of the 5th section of article xiv, in so far as their operation would otherwise increase or diminish the salary or emoluments of an official after his election or appointment.

2. A statute passed to take effect at a future day must be understood as speaking from the time it goes into effect, and not from the time of its passage. While such an act is of no effect until the date set, it is none the less a law of the State from the time of its passage.

3. The Act of May 20, 1921, P. L. 1006, containing the provision that it should "take effect on the first Monday of January, 1922, but shall not be construed to apply to any officer in office at the date of the approval of this act," was a law of the State between May 20, 1921, and Jan. 2, 1922, although it was of no effect during that time.

4. A county controller in a county of the fifth class, who was duly commissioned on July 25, 1921, was entitled after the first Monday of January, 1922, to the increased salary for his office provided by the Act of May 20, 1921, P. L. 1006.

Case stated. C. P. Clearfield Co., May T., 1922, No. 331.

*John M. Urey,* for plaintiff; *A. H. Woodward,* for defendant.

BELL, P. J., July 15, 1922.—This comes before the court on a case stated, reciting, *inter alia,* that Clearfield County became a county of the fifth class under the provisions of the Act of July 10, 1919, P. L. 887, by virtue of the certificate of the Governor of the Commonwealth of Pennsylvania, filed March 18, 1921, ascertaining the population of Clearfield County under the last Federal census; that on July 25, 1921, the plaintiff was duly commissioned County Controller of the County of Clearfield, and that he entered upon the discharge of the duties of the said office and has ever since continued to discharge said duties; that, by virtue of the Act of March 27, 1913, P. L. 11, the annual salary of the controller in each county having a population exceeding 100,000 is fixed at $2500; that the Act of May 20, 1921, P. L. 1006, provided, *inter alia,* as to counties of the fifth class, that the annual salary of the county controller, where such office exists, shall be $3500, section 14 providing, "this act shall take effect on the first Monday of January, 1922, but shall not be construed to apply to any officer in office at the date of the approval of this act;" that from the first Monday of January, 1922, the controller claimed as his salary $291.67 each month, being the proportionate part of an annual salary of $3500; that the county commissioners, asserting that the legal annual salary is $2500, have paid him monthly $208.33, so that

there remains for the months of January, February and March, 1922, the sum of $250 which the plaintiff claims to be due and owing to him as a part of the salary of such controller, and which claim is denied by the defendant.

The question is not free from difficulty, partly because of the awkward wording of the Act of 1921, and partly because a state of facts here exist which was palpably not in the mind of the legislature when this act was passed. A statute passed to take effect at a future day must be understood as speaking from the time it goes into operation and not from the time of its passage. Before that time no rights may be acquired under it; it is equivalent to the legislative declaration that the statute shall have no effect until the designated day: 26 Am. & Eng. Ency. of Law (2nd ed.), 565. We do not find any Pennsylvania decisions upon this question, but such is the general principle, though there is ample authority for the proposition that while rights may not be acquired under the law until it goes into effect, yet it must be taken to be a law and recognized as such during the period between its passage and the date fixed upon which it shall take effect.

The defendant stands upon Guldin v. Schuylkill County, 149 Pa. 210, and particularly upon what is said by Justice Heydrick in the opinion, as follows: "When the plaintiff was elected to the office of Coroner of Schuylkill County, the emoluments of that office were certain fees prescribed by law. At that time the Salary Act of March 31, 1876, P. L. 13, had no application to him or to his office. To give it such application after part of his term had expired, and thereby take away his fees and substitute therefor a salary less than the aggregate amount of the fees authorized when he accepted the office, is to diminish his emoluments by law after his election, and the result is precisely the same as it would have been if the law had been passed after his election. The prohibition has no relation to the time of the passage of the law, but is directed against any change of salary or emoluments of an officer, after his election." It is to be noted, however, a later part of the opinion proceeds: "A sense of the manifest justice, on the one hand, of continuing to an officer the compensation prescribed by law at the time of his acceptance of office, and, on the other hand, of holding him to the performance of his official duties for what, in an equitable sense, might be regarded as an agreed consideration, as well as of the inconvenience of a transition from the fee system to that of salaries in the middle of a term and year, may well have had an influence in molding this section." (Referring to section 13, art. III, of the Constitution.) We think it fairly well settled that the learned Justice did not mean that the compensation is to be regarded in the legal sense of a contract, and what he has previously said must be taken in the light of the expression regarding "the compensation prescribed by law at the time of his acceptance of office." The facts in this case are peculiar, and while it is true that the Supreme Court reversed Judge Pershing, who had held that the real meaning of section 13, art. III, of the Constitution, was that no law which was passed after the election or appointment should increase or diminish the salary, and Guldin held office under the laws as they stood at the time of his election, the decision of the Supreme Court really amounts to no more than a holding that the effect of the 13th section of article III is to hold laws passed in pursuance of section 5 of art. XIV of the Constitution in abeyance, in so far as their operation would otherwise be to increase or diminish the salary or emoluments of office.

In Cornman v. Hagginbotham, 227 Pa. 549, the Supreme Court had before it cases where, by the operation of a certain law, the emoluments of the county treasurer were diminished, the facts being as stated in the opinion of the

2 D. & C.

lower court, upon which opinion the decree was affirmed by the Supreme Court without discussion: "The Act of 1907 was passed May 28, 1907, the county treasurer was elected in November, 1907, and the triennial election for constable was held in February, 1908, so that the persons who would be affected by the Act of 1907 were elected after the passage of the act. They knew that if the act prevailed the township treasurers would receive the tax duplicates for 1909. . . . The Act of 1907 gave full notice that it would go into effect as soon as the collectors in office had fulfilled their respective terms. The emoluments of the county treasurer were not diminished after his election; they were fixed definitely before his election. That he would not receive the duplicates for townships of the first class for the year 1909 was fixed in 1907, before his election to office in that year. There was no contingency as to the time when the Act of 1907 should go into effect." The court then discusses Guldin v. Schuylkill County, and proceeds: "There was in that case an agreed consideration that the compensation should continue as prescribed at the time the coroner accepted his office. In our case no such agreement can be urged, for the county treasurer was informed that his salary or compensation was fixed at different basis for 1909 from that which prevailed in 1908, and this notice he had prior to his election."

Section 13 of art. III of the Constitution ordains that no law shall extend the term of any public officer or increase or diminish his salary or emoluments after his election or appointment. If this means that there cannot be a change in the salary during the term by legislation which existed at the time of his election, definitely stating the date on which such change should occur, Cornman v. Hagginbotham must be held to refute it. The prohibition of the Constitution is directed against the officer, and controls him rather than secures uniformity during the term of office. In McKinney v. Northumberland County, 75 Pa. Superior Ct. 581, a county commissioner who assumed his office before the Act of June 7, 1917, P. L. 570, died, and in December, 1918, McKinney was appointed to fill the unexpired term. When Schmidt was elected the salary of the office was $1800 per annum. Under the Act of 1917, the salary was raised to $2500 per annum. The Superior Court, considering art. III, § 13, of the Constitution, says: "The language being plain, we are not aided by any rules of construction, nor should our conclusion be changed by showing that certain inequalities may arise. There are three commissioners, and the commissioner who was appointed to fill the unexpired term gets more than any one of the others. Such arguments apply where there is a doubt of the meaning of the words, but it is no aid to us in the present case. It is a forced construction to make the appointed officer take the place of the deceased officer and argue that he occupies the same position as the one who was elected prior to the passage of the act. The prohibition of that section is not during the term of the officer, but after his election or appointment. . . . Under our law, the status of the officer is determined at the time of his appointment or election. As we have stated, any law affecting his salary, passed after the date of his appointment or election, will not apply to him. . . . Our Constitution applies only to those who have been elected or appointed before the passage of any act changing their salaries." This ruling meets the objection that the plaintiff here will be receiving, during the balance of his term, a salary much in excess of that of the other controllers of counties of the fifth class; and from the positive language used by Judge Trexler in the concluding part of his opinion, coupled with what was said by the Supreme Court in Cornman v. Hagginbotham, we think the conclusion inevitable that as the Act of 1921 was passed and was a

law of the State, declaring what should be the salary of the county controller after the first Monday of January, 1922, at the time that the plaintiff went into office, it must be held that this law controls and that his salary was fixed and defined by law at the time he assumed his office. We do not give much weight to the negative words of the 14th section, but think they are at least consistent with this view. In the light of the decisions of both of the appellate courts indicated herein, to which it is our duty to give full effect, this case must be resolved in favor of the plaintiff.

Now, July 15, 1922, judgment is entered in favor of Grant H. Thompson, plaintiff, and against Clearfield County, defendant, for $250.