## Legal Investments for Public Funds.

*Investments—Funds of State departments, boards and commissions.*

1. Under section 6 of the Act of July 18, 1917, P. L. 1043, the funds of the Public School Employees' Retirement Board may be invested only in such securities as are legal investments for savings banks, subject to the further restrictions imposed by clause 6 of that section, and subject, also, to the restriction that, under article iii, section 22, of the Constitution, prohibiting the investment of trust funds in the stock or bonds of a private corporation, farm loan bonds issued by Federal land banks or joint-stock land banks are not a proper investment of funds in the hands of the Employees' Retirement Board, notwithstanding such bonds were made a proper investment for savings banks by the Act of April 5, 1917, P. L. 47, as amended June 28, 1923, P. L. 884.

2. Under section 6, clauses 1 and 6, of the Act of June 27, 1923, P. L. 858, investments by the State Employees' Retirement Board are limited to those in which fiduciaries are permitted to invest trust funds.

3. Investments of State Sinking Funds are limited by article ix, section 12, of the Constitution to State and Federal bonds.

4. Under section 12 of the Act of June 2, 1915, P. L. 762, funds of the Workmen's Insurance Board may be invested only in such securities as are authorized for savings banks.

5. Investment of the State Insurance Fund is governed by section 2 of the Act of May 14, 1915, P. L. 524, providing for investment in Federal, State and municipal securities.

6. Under section 2703 of the School Code of May 18, 1911, P. L. 309, the State School Fund may be invested in bonds of a school district or municipal bonds in which savings banks are permitted to invest their deposits.

7. The Agricultural College Land Script Fund in the hands of the sinking fund commissioners may be invested only in securities of the State of Pennsylvania or of the United States, under the Act of April 1, 1863, P. L. 213.

8. Where there are funds for investment as to which there is no specific statute, they should be invested only in such securities as can be lawfully purchased by fiduciaries when investing trust funds.

9. In considering investments in mortgages, the fact that they are "guaranteed" does not relieve the department or board from the duty of making investigation and exercising care in the selection of the mortgage.

Department of Justice. Opinion to Hon. Arthur E. Townsend, Budget Secretary, Harrisburg, Pennsylvania.

SCHNADER, Special Dep. Att'y-Gen., July 13, 1927.—We have your request to be advised (1) in what classes of securities the moneys in certain specified funds administered by departments, boards or commissions of the State government may legally be invested; (2) whether, in bidding for bond issues, State departments, boards and commissions have the right to submit bids for all or for only a part of any particular issue; and (3) by what departments,

boards or commissions funds may be invested in guaranteed first mortgages on real estate.

We understand that these inquiries are prompted by the fact that the Governor has requested the Budget Secretary to make such investigations for and recommendations to him as will enable him to perform the duty imposed upon him by section 701 of the Administrative Code of 1923, as amended by the Act of April 13, 1927, namely, "to approve or disapprove all investments by departments, boards or commissions of funds administered by such departments, boards or commissions."

## I.

We shall first discuss the classes of securities in which the several departments, boards and commissions may lawfully invest funds administered by them.

### A. Public School Employees' Retirement Board.

The investment of the funds administered by this board is governed by section 6 of the Act of July 18, 1917, cl. 1 and 6, P. L. 1043. Section 6, clause 1, provides that, in making investments, the members of the board shall be subject to "all the terms, conditions, limitations and restrictions imposed by this act upon the making of investments," and subject also to the "terms, conditions, limitations and restrictions imposed by law upon savings banks in the making and disposing of their investments."

Accordingly, the Retirement Board can lawfully invest the funds under its control only in such investments as are legal for savings banks in Pennsylvania. We shall list these investments hereinafter.

The other restrictions imposed upon the Retirement Board in the making of investments are as follows (section 6, clause 6, of the Act of 1917):

1. No member or person connected with the board shall have any interest, direct or indirect, in the gains or profits of any investment made by the board.

2. No member or person connected with the board may, directly or indirectly, for himself or herself, or as an agent or partner of others, borrow any of the board's funds or deposits or in any manner use the same except to make such current and necessary payments as are authorized by the Retirement Board.

3. No member or person connected with the board shall become an endorser or surety or in any manner an obligor for moneys loaned by or borrowed of the board.

### B. State Employees' Retirement Board.

The power of the State Employees' Retirement Board to make investments is governed by section 6, clauses 1 and 6, of the Act of June 27, 1923, P. L. 858.

The investments which may be made are those in which fiduciaries in Pennsylvania may lawfully invest trust funds.

The other restrictions upon the members of the Retirement Board in investing funds under their control are the same as those hereinabove outlined as applicable to members of the Public School Employees' Retirement Board.

We shall subsequently list the investments which may legally be made by fiduciaries in Pennsylvania.

### C. Board of Finance and Revenue—(Investing the State Sinking Fund and the State Bond Road Sinking Fund.)

The Constitution, in article IX, section 12, prescribes the securities in which moneys in the State Sinking Fund may be invested. These securities are either bonds of this Commonwealth or bonds of the United States.

Legal Investments for Public Funds.

The Constitution (article IX, section 11) contemplates but one sinking fund for all the indebtedness of the Commonwealth. While there is no serious objection to the separation of the sinking fund, for accounting purposes, into constituent parts representing the several bond issues, nevertheless, strictly speaking, there can be but one sinking fund; and the constitutional limitation regarding the investment of moneys in the sinking fund is applicable to every dollar in the sinking fund or any constituent part thereof.

## D. State Workmen's Insurance Board.

The investment of the funds administered by this board is governed by section 12 of the Act of June 2, 1915, P. L. 762, which provides that the State Workmen's Insurance Board "may invest any of the surplus or reserve belonging to the fund in such securities and investments as are authorized for investment by savings banks."

## E. State Treasurer—(Investing the State Insurance Fund.)

The investment of moneys in the State Insurance Fund is governed by section 2 of the Act of May 14, 1915, P. L. 524.

The types of investment which may be made are specified in the act and are as follows: ". . . lawfully issued interest-bearing securities of the United States of America, the Commonwealth of Pennsylvania or any other of the United States, or any county, city, borough or school district of this Commonwealth, or any obligations of municipalities of any of the other states, but, preferably, in such securities issued by municipalities within this Commonwealth."

Investments of money in this fund must be made by the State Treasurer "under the supervision and direction of" the Board of Finance and Revenue, as the successor of the Sinking Fund Commissioners (section 2 of the Act of May 14, 1915, P. L. 524, and section 1102 (a) of the Administrative Code, Act of June 7, 1923, P. L. 498, as amended by the Act of April 13, 1927).

## F. State Council of Education—(Investing the State School Fund.)

The investment of moneys in the State School Fund is governed by section 2703 of the School Code of 1911 (Act of May 18, 1911, P. L. 309).

Investments are restricted to bonds properly issued by a school district in this Commonwealth, or municipal bonds in which savings banks of Pennsyl-vania are authorized by law to invest their deposits.

All investments of this fund must be approved by the Auditor General as well as by the Governor.

## G. Board of Finance and Revenue—(Investing Agricultural College Land Script Fund.)

There is, at the present time, no specific authority vested in the Board of Finance and Revenue, as successor to the Sinking Fund Commissioners, to invest the Agricultural College Land Script Fund. By the Act of April 3, 1872, P. L. 39, the surveyor general was directed to sell all bonds in this fund and pay the proceeds of the sale to the State Treasurer for the use of the Sinking Fund Commissioners. The same act directed the Governor, the Auditor General and the State Treasurer to issue a registered bond of this Commonwealth for the sum of $500,000, payable to the Agricultural College Land Script Fund of Pennsylvania, after fifty years from Feb. 1, 1872, the bond to be delivered to the State Treasurer "for the uses and purposes declared by law."

There has been no subsequent legislation on this subject; and upon the maturity of the above-mentioned bond, the principal thereof was paid and the proceeds thereof turned over to the Sinking Fund Commissioners to be invested by them.

The original act which created this fund—the Act of April 1, 1863, P. L. 213—provided that the moneys therein should not be invested "in any other stocks than those of the United States or those of this Commonwealth."

Accordingly, investment of the moneys in this fund must be confined to securities of this Commonwealth or of the United States.

*H. Departments, boards and commissions having funds for investment in the absence of specific statutory instructions.*

We understand that there are certain funds invested from time to time by certain departments, boards and commissions, for the investment of which the statutes do not specifically give directions.

The only safe course which such departments, boards and commissions can pursue in investing such funds is to confine themselves to the purchase of such securities as can lawfully be purchased by fiduciaries when investing trust funds.

Having covered your inquiries with respect to particular departments, boards and commissions, we shall list, for your convenience, the investments which may lawfully be made by savings banks and fiduciaries:

*Savings banks.*

Under the Act of May 20, 1889, § 17, P. L. 246, deposits in savings banks may lawfully be invested in the following securities:

1. "Stocks or bonds of interest-bearing notes or the obligations of the United States, or those for which the faith of the United States is pledged to provide for the payment of the interest and the principal."

2. Stocks or bonds of this Commonwealth bearing interest.

3. Stocks or bonds of any state in the Union which has not within ten years previous to the date of the purchase of such securities by any particular savings bank defaulted in the payment of any part of either principal or interest of any debt authorized by the legislature of such state to be contracted.

4. The stocks or bonds of any city, county, town or village of any state of the United States, lawfully issued, or interest-bearing obligations issued by the city or county in which the bank is situated; or

5. In bonds and loans on unencumbered improved real estate situate in Pennsylvania.

These provisions apply only to savings banks incorporated under the provisions of the Act of 1889, of which, we are informed, there are but two in existence.

With these two exceptions, all of the existing savings banks in Pennsylvania were organized under special acts of assembly, which specified the securities in which the funds of the several institutions might be invested. By the Act of May 25, 1897, P. L. 93, the legislature provided that: ". . . all . . . savings institutions and savings banks, chartered under special acts of this Commonwealth of Pennsylvania, may, notwithstanding any provisions of their charter, loan the moneys received by them on deposit upon the bonds of any county, city, borough, township or school district within this Common-

wealth, issued pursuant to the authority of any law of this Commonwealth for the payment of which the faith and credit of the municipality issuing them are pledged."

Although the word "municipality" does not ordinarily include school districts (Wharton v. School Directors, 42 Pa. 358; Long v. Cheltenham Township, 269 Pa. 472, 475), we are of the opinion that, as used in the above act, "municipality" includes within its meaning all of the political sub-divisions mentioned therein. Accordingly, savings banks chartered under special acts may invest their deposits in the bonds of any county, city, borough, township or school district of Pennsylvania, issued under authority of law and for the payment of which the faith and credit of the county, city, borough, township or school district is pledged.

We are of the opinion that when the legislature provided that certain State funds might be invested in the securities in which the funds of savings banks might legally be invested, it had in mind both the provisions of the Act of 1889 regulating investments by institutions formed under that act and the Act of 1897, which was a general law applying to investments by all other savings banks.

To the investments which are legal for savings banks, the Act of April 5, 1917, P. L. 47, as amended by the Act of June 28, 1923, P. L. 884, added farm loan bonds issued by Federal land banks or joint stock land banks under the provisions of the Act of Congress approved July 17, 1916, 39 Stat. at L. 380, its amendments and supplements. However, we are of the opinion that, notwithstanding the provisions of the Act of 1917, as amended, the Public School Employees' Retirement Board cannot lawfully invest the funds administered by it in bonds issued either by Federal land banks or joint stock land banks.

In the management of the several funds committed to their care the members of the Public School Employees' Retirement Board are specifically designated as "trustees" by section 6 of the Act of July 18, 1917, P. L. 1043; and under the opinion of Deputy Attorney-General Brown, addressed to Honorable Peter G. Cameron, Secretary of Banking, under date of Aug. 29, 1923 (4 D. & C. 55), trustees cannot lawfully invest trust funds in farm loan bonds issued by Federal land banks, notwithstanding the provisions of the Act of April 5, 1917, P. L. 46. Deputy Attorney-General Brown very properly held that these bonds are bonds of private corporations, and, therefore, come within the prohibition of article III, section 22, of the Constitution of this Commonwealth, which provides that "no act of the general assembly shall authorize the investment of trust funds by executors, administrators, guardians or other trustees in the bonds or stock of any private corporation."

In an opinion addressed to Honorable John W. Morrison, First Deputy Secretary of Banking, on Sept. 5, 1923 (4 D. & C. 54), Deputy Attorney-General Brown ruled that the constitutional prohibition does not apply to savings banks, notwithstanding the fact that the directors of savings banks are spoken of in the statutes as "trustees," his reason being that the relationship between a savings bank and a depositor therein is that of debtor and creditor and not that of trustee and cestui que trust.

We are of the opinion that the relationship between the public school employees who pay their money into the Public School Employees' Retirement Fund and the Public School Employees' Retirement Board is that of cestui que trust and trustee, and not merely that of creditor and debtor.

Accordingly, while the legislature could and did in the Public School Employees' Retirement Act authorize these particular trustees to make certain investments of the funds administered by them, which would not be law-

ful investments if made by trustees generally, nevertheless, the legislature could not, under the Constitution, permit these trustees to invest the funds managed by them contrary to the provisions of article III, section 22, of the Constitution.

## Fiduciaries.

Legal investments for fiduciaries are defined in section 41 *(a)* 1 of the Act of June 7, 1917, P. L. 447, as amended by the Act of March 19, 1923, P. L. 23, and the Act of June 29, 1923, P. L. 955. They are: (1) The stock or public debt of the United States; (2) the public debt of this Commonwealth; (3) bonds or certificates of debt lawfully issued by any county, city, borough, township, school district or poor district of this Commonwealth; (4) ground rents in Pennsylvania or bonds of one or more individuals secured by mortgage on real estate in this Commonwealth, which may be either a single bond secured by a mortgage or one or more bonds of an issue of bonds secured by mortgage or deed of trust to a trustee for the benefit of all bondholders.

It is important to note that bonds secured by mortgages on real estate must be bonds of an individual or individuals and cannot be corporate bonds. See opinion of Deputy Attorney-General Anderson to Honorable Peter G. Cameron, Secretary of Banking, May 10, 1926, 8 D. & C. 202.

To summarize, we shall list, by funds, the investments which the several departments, boards and commissions may lawfully make:

*Public School Employees' Retirement Fund:* (1) Obligations of the United States; (2) obligations of this Commonwealth; (3) obligations of any other state of the Union which has not within ten years defaulted in the payment of principal or interest on any obligation; (4) obligations of any city, county, town or village in the United States; (5) bonds of any borough, township or school district in Pennsylvania; and (6) individual, but not corporate, bonds and loans on unencumbered improved Pennsylvania real estate.

*State Workmen's Insurance Fund:* (1) Obligations of the United States; (2) obligations of this Commonwealth; (3) obligations of any other state of the Union which has not within ten years defaulted in the payment of principal or interest on any obligation; (4) obligations of any city, county, town or village in the United States; (5) bonds of any borough, township or school district in Pennsylvania; (6) bonds and loans on unencumbered improved Pennsylvania real estate; and (7) farm loan bonds issued by a Federal land bank or a joint stock land bank.

*State School Fund:* (1) Bonds of the United States; (2) bonds of Pennsylvania; (3) bonds of any borough, township or school district in Pennsylvania; and (4) bonds of any city, county, town or village in the United States.

*State Sinking Fund—(Including State Bond Road Sinking Fund).*

*Agricultural College Land Script Fund:* (1) Bonds of the United States; and (2) bonds of Pennsylvania.

*State Insurance Fund:* (1) Securities of the United States; (2) securities of any state in the Union; (3) securities of any county, city, borough or school district of any state in the Union, but preferably of Pennsylvania.

*State Employees' Retirement Fund and any Fund to be Invested by any Department, Board or Commission without Specific Statutory Instructions:* (1) The stock or public debt of the United States; (2) the public debt of Pennsylvania; (3) bonds or certificates of debt of any county, city, borough, township, school district or poor district of Pennsylvania; (4) ground rents on Pennsylvania real estate; or (5) mortgages or bonds secured by mortgages on Pennsylvania real estate, the bonds to be individual and not corporate bonds.

## II.

In bidding for bond issues in which they may lawfully make investments, departments, boards and commissions may submit bids for an entire issue or for only a part thereof. There is nothing in any of the statutes regulating investments by these state agencies which restricts their discretion in determining how large or how small a part of any particular issue to purchase.

## III.

Departments, boards and commissions may invest the funds administered by them in guaranteed first mortgages on real estate in any case in which they may lawfully invest funds in first mortgages on real estate not guaranteed.

The fact that a mortgage is guaranteed does not relieve a department, board or commission of any responsibility for the exercise of that care which the law requires in making investments in mortgages. The mortgage itself must be a lawful investment; and if an investment is made, either by a trustee or by an agency which is given the same power to make investments as may be exercised by a trustee, the bond secured by mortgage must be the bond of an individual or individuals. A guaranty executed by a corporation does not invalidate the investment if the mortgage itself would be a legal investment without the guaranty; but, as already pointed out, the fact that a guaranteed mortgage is purchased does not relieve the purchasing agency from any responsibility for the soundness of the mortgage itself.

From C. P. Addams, Harrisburg, Pa.