## Harris Appeal.

660

Argued March 7, 1944.　Before Keller, P. J., Baldrige, Rhodes, Hirt, Kenworthey, Reno and James, JJ.

*Harold C. Edwards,* for appellant.

*Christie D. Shull,* for appellee.

OPINION BY KENWORTHEY, J., April 18, 1944:

The lower court sustained exceptions to an item in the report of the auditors in the Borough of Stroudsburg in which they allowed to H. H. Harris, Chief Burgess: "Balance of 1942 salary at $600.00 per year . . . . . . 250.00." The principal question is whether the Borough Council has the power to increase the salary of the Chief Burgess after his election but before the commencement of his term.

Harris was first elected Chief Burgess in November 1933. At that time, the salary of the office, fixed by an ordinance passed October 5, 1933, was $252 per year payable in monthly installments of $21. The term of the office is four years. In November 1937 he was re-elected for the term commencing January 1, 1938, and about a month after his election, in December 1937, the Council passed an ordinance fixing the salary at $360 per year payable in monthly installments of $30. In November 1941, he was again elected to a term commencing January 1, 1942, and again in December 1941, a month after his election and a month before the commencement of the term, Council passed an ordinance fixing the salary at $600 per year payable in monthly installments of $50. The payments of his salary for the year 1942 were apparently stopped after he had been paid $350.

Exceptions to the item in the account were sustained on the basis of the provision in the Act of May 13, 1927, P. L. 992, 53 PS 288, that "No city, borough, town or township shall hereafter increase or diminish the

salary, compensation or emoluments of any elected officer *after his election."* (Italics added).

Harris contends this provision was repealed or nullified by an irreconcilable provision in the General Borough Code adopted at the same session of the legislature on May 4, 1927, effective July 1, 1927 (Act of May 4, 1927, P. L. 519, art. X, §1023, 53 PS 12934), which provides: "The salary of the burgess may be fixed by ordinance ....... When so fixed, such salary shall not be changed *during the term* of the incumbent." (Italics added). The argument is that in applying the principle that, as between two irreconcilable laws the later enactment prevails, the date the law goes into effect rather than the date of enactment governs; that, though the enactment of the Borough Code ante-dated the Act of May 13th by nine days, its effective date is subsequent to it because the Act of May 13th became effective immediately upon its enactment. See *Simon v. Maryland Battery Service Co.*, 276 Pa. 473, 478, 120 A. 469.

There are two clear answers.

In the first place, with two exceptions not material here, the Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, §65, 46 PS 565, provides: "Whenever the provisions of two or more laws passed during the same session of the Legislature are irreconcilable, the law latest in date of final enactment, irrespective of its effective date, shall prevail from the time it becomes effective ......" This is a statutory expression of a judicially established canon of interpretation. *Newbauer v. State*, 200 Ind. 118, 161 N. E. 826, 827; 1 Sutherland, Statutory Construction (3d ed.) p. 485, n. 6. The reason for this principle is plain. The legislature records its intention at the time of the enactment of a law even though its effective date is postponed.

In the second place, the acts are not irreconcilable; they are in *pari materia;* they are capable of being construed together as one law and it is our duty to so

construe them. *Com. ex rel. Matthews v. Lomas;* 302 Pa. 97, 104, 153 A. 124. Although the two Acts relate to the same subject, they deal with different aspects of it. If the Act of May 13th prohibiting an increase in salary after election stood alone, it would apply only to the person elected and, if he should die or resign during his term, a successor appointed to take his place would be entitled to a salary increase put into effect after the election. See *McKinney v. Northumberland County,* 75 Pa. Superior Ct. 581. The provision in the Borough Code that the salary "shall not be changed during the term of the incumbent," when construed together with the Act of May 13th, broadens the prohibition and prevents a change in salary from the time of election to the expiration of the term whether the office is filled for the entire term by the person elected or by someone else. See *McKinney v. Northumberland County,* supra at 583.

But the order of the court below must be modified. What we have just said indicates that appellant was not entitled to the increase in salary provided by the ordinance of December, 1937, during the second term— January 1, 1938 to December 31, 1941—because the ordinance fixing it was passed subsequent to his election in November 1937. But the ordinance of December 1937, was not void as the court held it to be; appellant was merely deprived of the right to the benefit of it because it was passed subsequent to his election. He was not named in it; it fixed the salary "of the Chief Burgess of the Borough of Stroudsburg." It did not fall merely because the legislature barred him from its benefit; it, as an ordinance, was validly passed; it was in effect at the time of his election in 1941. *McKinney v. Northumberland County,* supra. We do not think the legislature intended to go further than to bind an officer by the salary in effect at the time of his election. It follows that the court erred in directing that appellant was limited to the salary in effect at the time of

his first election ($252 per year) and that he had been overpaid to the extent of $98. He is entitled to $360 per year; since he has been paid $350, he is entitled to a credit of $10.

The record is remitted with direction that an order be entered in accordance with this opinion.