Goodwin *v.* Allegheny County, Appellant.

Argued July 17, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Maurice Louik,* Assistant County Solicitor, with him *Nathaniel K. Beck,* County Solicitor, for appellant.

*William L. Shaffer,* for appellee.

OPINION BY RHODES, P. J., October 2, 1956:

This is an appeal by the County of Allegheny from a judgment entered by the court below in favor of plaintiff, Bernard H. Goodwin, Register of Wills and Clerk of the Orphans' Court of Allegheny County, on a case stated in assumpsit.

The Act of December 22, 1955, P. L. 788, No. 278, amending the Second Class County Code, section 1810,

Act of July 28, 1953, P. L. 723, Art. XVIII, 16 PS §2151-1810, provides, inter alia, for an increase in the annual salary of the Register of Wills and Clerk of the Orphans' Court of Allegheny County of one thousand dollars, that is, from five thousand five hundred dollars to six thousand five hundred dollars.

The judgment is for the increased salary for the month of January, 1956, as provided by the Act of 1955.

The Court of Common Pleas of Allegheny County, sitting in banc, held that Article III, §13 of the Constitution of the Commonwealth of Pennsylvania which prohibits the increase or decrease in the salary or emoluments of a public officer after his election or appointment was not applicable. The County of Allegheny thereupon appealed to this Court.

Although Goodwin is the only named plaintiff, other county officers of the County of Allegheny have stipulated that they will be bound by the final judgment in this case with respect to any claim for the salary increase which they might have under said act.[1] They are all public officers.

At the municipal election held on November 8, 1955, Goodwin was elected to the office of Register of Wills and ex officio Clerk of the Orphans' Court of Allegheny County for a term of four years beginning on the first Monday of January, 1956. All the requisite formalities preliminary to his assuming office were completed prior to December 22, 1955, except the administration of the oath of office which was accomplished on December 30, 1955. He entered upon the duties of his office on Monday, January 2, 1956.

---

[1] The county officers so stipulating were: The three county commissioners, the county controller, the district attorney, the county treasurer, the prothonotary, and the recorder of deeds.

Article III, §13 of the Constitution provides: "No law shall extend the term of any public Officer, or increase or diminish his salary or emoluments, after his election or appointment." PS Const., Art. III, §13.

The court below was of the opinion that the initial requisite of this prohibition is that, at the time of the salary increase, the person involved must be a public officer who has fully qualified for the office and is actually serving the term for which the increase is provided. Applying this interpretation to Goodwin, the court found that on the effective date of the Act of 1955 he had not taken his oath of office for the new term, and that therefore the act as applying thereto was not in contravention of the constitutional provision.

We are unable to agree that such a construction of the Constitution was intended by its framers. Any provision of the Constitution must be interpreted in the popular sense and as understood by the people who adopted it. *Com. v. Dabbierio,* 290 Pa. 174, 178, 138 A. 679. Moreover, the entire section must be construed as a whole in order to ascertain its meaning. *Long v. Cheltenham Township School District,* 269 Pa. 472, 475, 112 A. 545.

The court below, in concluding that the term "public Officer" limited the prohibition of the section as to the time of its application, considered only a part of the entire section and ignored the phrase "after his election," which clearly and specifically expresses the effective time. The term "public Officer" as used in this section is merely descriptive; it defines the offices to which the section is applicable. See *Com. ex rel. Wolfe v. Moffitt,* 238 Pa. 255, 262, 86 A. 75; *Richie v. Philadelphia,* 225 Pa. 511, 513, 74 A. 430. Cf. *Snyder v. Barber,* 378 Pa. 377, 380, 106 A. 2d 410. Although to that extent the term is descriptive, it cannot be isolated in

ascertaining the scope of the prohibition. When considered with the remainder of the section, especially the phrase "after his election," the term "public Officer" cannot be said to require that the officer must be one who has fully qualified and is serving in the office when the law purporting to change his salary becomes effective. If this had been the intention of the framers of the Constitution, it would not have been necessary to use the phrase "after his election"; the mere use of the term "public Officer" would have supplied all the qualifying requisities needed to apply the constitutional provision. But the phrase "after his election" may not be treated as meaningless. Therefore, we think it is apparent that the prohibition is applicable to those persons who have been elected to offices which are occupied by public officers, and that it becomes effective immediately after the election.

As we view it, the phrase "after his election" does not mean after the oath of office is taken and the new term has begun. In its popular sense, as well as in its technical sense, the phrase simply means after the day on which the officer is elected, that is, the municipal election in the instant case. Article XIV, §2 of the Pennsylvania Constitution, PS Const., Art. XIV, §2, provides, that, "County officers shall be elected at the municipal elections . . ." See, also, section 602 of the Pennsylvania Election Code, Act of June 3, 1937, P. L. 1333, 25 PS §2752. The Code in section 102 (f), 25 PS §2602 (f) provides that the word "election" shall mean "any general, municipal, special or primary election, unless otherwise specified." Although there may be delays in the determination of the successful candidate, the fact remains that the officer is elected on the day the ballots are cast notwithstanding that he does not take his oath or assume the duties of the office until a later date.

In *McKinney v. County of Northumberland*, 75 Pa. Superior Ct. 581, 583, this Court held that the prohibition in Article III, §13 of the Constitution was not applicable to a public officer who was appointed to fill a vacancy after the passage of a statute increasing the salary of the office. The appointed officer was entitled to the increased salary even though his predecessor, who died in office, would not have been entitled to it because the law was enacted after he was elected. The argument that the constitutional prohibition applied to the term of office was rejected on the basis that the provision in the Constitution makes it clear that the time of election or appointment is determinative. We there said (page 583 of 75 Pa. Superior Ct.) : ". . . the status of the officer is determined at the time of his appointment or election. . . . [And] any law affecting his salary passed after the date of his appointment or election will not apply to him." See, also, *Evans v. Luzerne County*, 54 Pa. Superior Ct. 44, 46, 47; *Lewis v. Lackawanna County*, 200 Pa. 590, 597, 50 A. 162; *Com. ex rel. Woodring v. Walter*, 274 Pa. 553, 557, 118 A. 510.

In *Sellers v. Upper Moreland Township School District*, 385 Pa. 278, 122 A. 2d 800, our Supreme Court recently held that the constitutional prohibition of Article III, §13, was applicable to a situation factually more significant than that in the instant case. A statute had been passed prior to the election providing for an increase in the emoluments of the public officer involved. The act was not immediately effective but provided that it should become operative on a date which was after the election but prior to the beginning of the new term. In applying the constitutional prohibition, the Supreme Court said (page 282 of 385 Pa., page 802 of 122 A. 2d) : " 'The Act . . . , it is true, was

passed after the nomination of the plaintiff for his present office and before his election but the important fact is that its effect was to increase his compensation after his election and this the Constitution prohibits.' "

A similar conclusion is inescapable in the instant case. The fact that the legislation was introduced in the Legislature prior to Goodwin's election is immaterial. The controlling consideration is whether the act provides for an increase in salary to be effective after the election. Under the circumstances of this case, the Act of 1955, as to Goodwin, would clearly fall within the constitutional prohibition. It is not necessary, however, to declare the act generally unconstitutional; it is only violative of the Constitution to the extent that it purports to apply to Goodwin in the present situation. See *Harris Appeal,* 154 Pa. Superior Ct. 659, 663, 37 A. 2d 21. Moreover, we have no reason to believe that the Legislature intended that the salary increase should apply to those public officers who were elected prior to its enactment, as there is a presumption that the Legislature did not intend to violate the Constitution. Statutory Construction Act of May 28, 1937, P. L. 1019, §52 (3), 46 PS §552 (3). We are only obliged to conclude that the act cannot be presently applied without doing violence to the Constitution. As we have said the proscription of Article III, §13, is an inexorable one, and it may not be avoided by indirection. *Loushay Appeal,* 169 Pa. Superior Ct. 543, 548, 83 A. 2d 408, affirmed 370 Pa. 453, 88 A. 2d 793.

Judgment is reversed, and here entered for defendant.