Sellers, Appellant, *v.* Upper Moreland Township School District.

Argued April 18, 1956. Before Stern, C. J., Jones, Bell, Chidsey, Musmanno and Arnold, JJ.

*Samuel H. High, Jr.,* with him *High, Swartz, Childs & Roberts,* for appellant.

*H. Lyle Houpt,* for appellee.

Opinion Per Curiam, May 21, 1956:

The judgment of the court below dismissing the plaintiff's complaint in mandamus is affirmed on the following opinion of President Judge Knight.

"This action in mandamus was brought to compel the defendant school district to pay the premium on the bond furnished by the plaintiff tax collector for the collection of school taxes for the year 1954.

"The facts which are not in dispute are as follows. The plaintiff was elected Treasurer of the First Class Township of Upper Moreland in November of 1945 for the term of four years from the first Monday of January 1946. By virtue of his office of Treasurer he was also the Tax Collector for the Township and the School District of the Township which is a third class school district. Plaintiff was again elected in 1949 for a four year term and once more elected in 1953 for a like term.

From 1946, up to and including 1953, the plaintiff paid the premium on the bond he was required by law to furnish to cover the collection of school taxes. The plaintiff was a candidate for the nomination of Treasurer at the May primary of 1953, and as required by law, the officers of the School District, by resolution fixed the compensation of the tax collector and sent him, on March 16, 1953, a notice stating what the compensation of the tax collector would be. This notice was received by the plaintiff more than ten days before the last day for withdrawing his name as a candidate. The plaintiff was nominated at the May primary and subsequently elected at the November election. He entered into his new term of office on the first Monday of January 1954. By the Act of July 13th, 1953, P. L. 411 section 1, the premium on the bonds of tax collectors in school districts of the third class situated in Townships of the first class are required to be paid by the school district. The Act by its terms was not to become effective until after the 31st day of December, 1953.[1]

"The plaintiff furnished a bond for the collection of taxes for 1954 and demanded that the school district pay its share of the premium . . . as provided by

[1 The Act of July 13, 1953, P. L. 411, amending Section 4 (b.1) of the Act of May 25, 1945, P. L. 1050, as amended by the Act of May 16, 1951, P. L. 314, provides in part as follows: "In boroughs, towns and townships of the second class, and after the thirty-first day of December, one thousand nine hundred fifty-three, in townships of the first class [where the surety on a tax collector's bond or on the bond of a township treasurer as tax collector is a bonding company], the premium on the bond shall be paid by the respective taxing districts. Each taxing district shall be liable to pay that percentage of the bond premium as the total taxes charged in the duplicate of the taxing district bears to the total taxes charged in the duplicate of all the taxing districts."]

the Act of 1953, supra. By resolution adopted November 17th, 1954 the School Board refused payment.

"The plaintiff bases his claim under the mandatory provision of the Act of 1953, supra, he contends that his compensation was fixed before his election and has never been changed and that the school district is now powerless to change it and under the provisions of the above Act the school district must pay the premium on his bond. The school district contends that in fixing the rate of compensation for its tax collector it took into consideration that he had to pay the premium on his bond and that, therefore, in effect the school district is paying the premium. There is nothing in the records of the school board to sustain this contention and it is without merit. The school district further contends that the Act of 1953, supra is unconstitutional when applied to the 1954. premium of the tax collector's bond. We are of the opinion that there is merit in this contention.

"Article 3, Section 13 of the Constitution of Pennsylvania provides: 'No law shall extend the term of any public officer or increase or diminish his salary or emoluments after his election or appointment.' From 1946 to 1953 inclusive the plaintiff paid the premium on his bond and it is more than a fair inference that were it not for the Act of 1953, supra he would have paid and been required to pay the 1954 premium.

"In Webster's Unabridged Dictionary the word 'emolument' is thus defined: 'The profit arising from office or employment, that which is received as a compensation for service or which is annexed to the possession of office as salary, fees and perquisites; advantage gain public or private.' It is quite obvious that if the plaintiff is relieved of the obligation to pay the premium on his bond that he will gain and that in ef-

fect his compensation as tax collector will be indirectly increased. The constitutional provision forbidding an increase in salary or emoluments of a public officer during the term of office is inexorable and may not be avoided by indirection. *Loushay Appeal,* 169 Pa. Superior Ct. 543 (1951). A case much in point is *Apple v. County of Crawford,* 105 Pa. 300 (1884).

"In our opinion the Act of 1953, supra clearly and plainly violates Article III Section 13 of the Pennsylvania Constitution and is unconstitutional as applied to this plaintiff insofar as the premium on his 1954 tax collector's bond is concerned.

"Counsel for the plaintiff argues that inasmuch as the Act of 1953 was passed before he was elected that the constitutional prohibition does not apply to him. The Act of 1953 did not become effective until after the plaintiff was elected. Article 3 section 13 of the Constitution says, 'No law shall . . . increase the salary or emoluments of a public officer after his election.' The Act of 1953, it is true, was passed after the nomination of the plaintiff for his present office and before his election but the important fact is that its effect was to increase his compensation after his election and this the Constitution prohibits.

"Counsel for the defendant School District argues in his brief that the Act of 1953 is unconstitutional as applied to this plaintiff under the facts of this case because it impairs the obligation of the contract between the plaintiff and the School District for the collection of taxes. Assuming but not deciding that the relationship of the plaintiff and the school district was contractual in nature, the Act of 1953 did not impair any of its terms, the plaintiff holds his office under the law and not by virtue of any contract with the school district. If it is argued that he agreed to ac-

·cept 2% commission as his compensation for collecting the taxes that provision is not affected by the Act of 1953 and there is nothing in the records of the school district to show that the cost of the bond was considered in fixing the compensation of the plaintiff, who ·was required to furnish a bond by the law and not by virtue of any contract with the school district."

Judgment affirmed.