Opinion by
Woodside, J.,
This appeal involves a problem arising out of the creation of a borough. It comes before us on appeal from an order of the Court of Common Pleas of Allegheny County setting aside a surcharge imposed by the auditors.
Upon petition to the Court of Quarter Sessions of Allegheny County, a decree creating the borough of Franklin Park out of all of the second class township of Franklin was signed August 10, 1961, and recorded on August 21, 1961.
The Borough Code provides that when such petition and decree have been recorded, the area “shall become an incorporated borough, and shall be entitled to the several rights, privileges, and immunities conferred by this act, subject, however, to the provisions of section two hundred eleven of this act.” Act of May 4, 1927, P. L. 519, §205, as reenacted and amended by the Act of July 10, 1947, P. L. 1621, §1, 53 P.S. §45205.
Section 211 of The Borough Code, supra, referred to in §205, supra, provides: “The said [area] shall con *418 tinue to be governed as ■ before said incorporation until tbe first Monday of January following tbe municipal election next succeeding, occurring at least ninety days after the issuance of the final decree establishing such new borough, at which time the officers of said borough chosen, in accordance with section eight hundred five of this act, at such municipal election shall enter upon their respective terms of office, and the borough government shall be duly organized under this act.” 53 P.S. §45211.
As the municipal election of 1961 was within 90 days of the issuance of the final decree establishing the borough, the election of the borough officers could not be held before November, 1963, and the borough officers elected at that time will not enter upon their respective terms of office until January 6, 1964.
After the recording of the decree, the township supervisors, assuming the powers of a borough council, appointed a separate treasurer and fixed his annual compensation at $300. The Borough Code, supra, authorizes the council to appoint a separate treasurer and fix his compensation. §1005-1 and §1006-YIII, 53 P.S. §46005-1, §46008-VIII. The Second Class Township Code of May 1, 1933, P. L. 103, as reenacted and amended by the Act of July 10, 1947, P. L. 1481, combines the secretary and treasurer into one office. §511, 53 P.S. §65511.
The township supervisors, who had each been receiving compensation at the rate of $192 per year under the provisions of The Second Class Township Code, set their own salaries at $20 per month or a total of $240 per year each. The Borough Code provides that the compensation of councilmen may be set by ordinance in an amount determined by the population of the borough. See §1001, 53 P.S. §46001. The Second Class Township Code provides that a supervisor’s compensation shall be determined, within certain limits, *419 by the township auditors. See §515, 53 P.S. §65515. As there was no mayor to pass upon an ordinance, the supervisors had the restraining influence of neither a mayor under The Borough Code nor the auditors under The Second Class Township Code in fixing their own compensation.
The treasurer was appointed and the compensation of the supervisors was increased only after seeking an opinion from the solicitor for the municipality, and receiving an expression from him that the law permitted them to appoint a treasurer and to set their own salaries as provided in The Borough Code. It is reasonable to conclude that these officers acted in good faith.
A majority of the auditors elected by the township, upon receiving independent legal advice, were of the opinion that the officers elected as township supervisors had no authority to appoint a treasurer who was not the secretary or to pay themselves in the manner that The Borough Code provides for. the paying of councilmen. The elected auditors, concluding that the supervisors were required to continue to govern the municipality under the provisions of The Second Class Township Code surcharged four supervisors[1] for the year 1962 a total of $180 for overpayment of compensation to themselves and $307.66 on account of the treasurer’s salary and social security tax.
The supervisors appealed to the Court of Common Pleas of Allegheny County which set aside the surcharge. One of the auditors then appealed to this Court. It has been suggested that an auditor does not have the right to appeal, but as the appellant here is admittedly a registered elector and taxpayer of the borough and the appellees are not pressing the ques *420 tion of his right to appeal, we shall pass upon the merits of the case.
When the decree of incorporation was recorded, the borough was established. At that time it had no borough officers. The legislature has specifically provided in §805 of The Borough Code, supra, 53 P.S. §45805, for the election of such officers. But, how is the municipality to be governed between the time when the decree of incorporation was signed and the time when the elected borough officials take office? The answer of the legislature is set forth in §211. The area “shall be governed as before said incorporation.” Franklin Park was governed as a second class township before its incorporation as a borough. Any rights, privileges and immunities conferred upon it by §205 of The Borough Code are subject to its being governed as before its incorporation until its elected borough officials take office in January 1964.
It has been argued that meaning must be given to §205 of The Borough Code, supra, as the legislature intends the entire statute to be effective,[2] and that the section has no meaning if it does not give to the supervisors the powers given to councilmen. There are tAvo ansAvers to this argument. First, §205 and §211 must both be given meaning if possible, but if meaning cannot be given to both of them, or if they are inconsistent, the rights, privileges and immunities granted in §205 must yield to the directions contained in §211 because the legislature made §205 subject to, and thus inferior and subordinate to, the provisions of §211. Secondly, §205 is effective and meaningful even after giving priority and meaning to §211. For example, part of a borough may not be annexed to another municipality without the consent of the borough, while under cer *421 tain circumstances a part of a second class township may be annexed to a municipality without the township’s consent. Between the recording of the decree and the taking office of the elected borough officials, Franklin Park has the right given a borough not to have any part of its territory annexed to another municipality — a right it would not have as a township, ft is not necessary for us to minutely examine The Borough Code and The Second Class Township Code to determine what other rights, privileges and immunities the borough may have while being “governed as before said incorporation.” Whatever rights, privileges and immunities are given the new municipality, the one unmistakable requirement is that Franklin Park must “be governed as before said incorporation,” until its borough officers have been elected and take office.
The appointment of a separate Borough Treasurer was premature. Nevertheless, we shall affirm the order of the court below in setting aside the surcharge for the treasurer’s salary imposed upon the township supervisors by the auditors. The court below said, “There is no question in connection with the Treasurer of Franklin Park Borough that he was appointed as Treasurer, performed all the duties of Treasurer, posted his bond as set by the Board of Supervisors and that he was recognized as the Borough Treasurer. He Avas a de facto officer during th^year 1962.” We agree that the person acting as treasurer was a de facto officer, and as such should have received a salary for the work which he performed. The court below also concluded that the treasurer of a borough is not involved in “governing” the municipality and that the legality of his appointment therefore, should be determined under §205 and not §211 of The Borough Code, supra. As we arrive at the same result as the court below on the surcharge of the treasurer’s salary, we shall not extend *422 this opinion with an analysis of this argument, except to note that the appointment of the treasurer was made by the supervisors who are the governing body.
In changing the form of government a temporary expedient may be necessary. Courts must not be too fastidious in their examination of these transfers of powers. The Supreme Court quoting from Commonwealth v. Moir, 199 Pa. 534, 546, 49 A. 351 (1901) said in Pittsburg’s Petition, 217 Pa. 227, 239, 66 A. 348 (1907) : “The substitution of a new system for one under which government has been previously carried on is always accompanied with some shifting of offices and duties, and some inconvenience. To reduce this to a minimum by temporary adjustment of the changes is the province of a schedule. In well considered legislation which involves such changes a schedule of temporary expedients is usually and properly added, and the expedients provided would need to -be very clearly unconstitutional to justify a court in overturning them.”
The court below was supported in holding the treasurer a de facto officer by the reasoning in In re Appeal From Audit Report, Edwardsville Boro., 42 Luzerne Leg. Reg. 125 (1951). The borough received valuable services from the treasurer, and under the circumstances of this case, we think the borough should pay for the services.
The action of the supervisors in increasing their own salary is in a different category. They were the governing body of the area with direction by the legislature to govern as before its incorporation. The rights, privileges and immunities of The Borough Code were not given to the supervisors and other township officers, but were given to the municipality by §205.
The supervisors were elected as township supervisors and not as borough councilmen. They are public officials, The permissible range of their salary and *423 emoluments was- set by the legislature at the time they were elected. Any effort on the part of the legislature to increase or diminish their salaries or emoluments after their election would have violated Art. Ill, Sec. 13 of the Constitution of Pennsylvania. It might be argued that the action of the supervisors was not unconstitutional because the increase was brought about by an ordinance or resolution and not a law enacted after they were elected,[3] or that the supervisors were given additional duties when the decree incorporating the borough was signed, or that the statutory law when they were elected contemplated and provided for the increased salary upon the township becoming a borough. Since we have determined that the statute provides that the supervisors must govern after the signing of the decree in the manner they governed before the signing, we need not pass upon the constitutionality of their action. But see Commonwealth ex rel. Woodring v. Walter, 274 Pa. 553, 118 A. 510 (1922); Appeal of Harry W. Bowman, 111 Pa. Superior Ct. 383, 170 A. 717 (1934); Sellers v. Upper Moreland Township School District, 385 Pa. 278, 122 A. 2d 800 (1956).
The language of the statute seems clear to us. Should it not be clear, we think it would be proper in construing the statute to consider the policy of this Commonwealth as expressed in the Constitution to limit the power of the legislature to increase or decrease the salaries or emoluments of public officials after their election.
Unlike the treasurer, the appellees were elected as township officers under a law that fixed their maximum compensation. They had no statutory power to *424 pass an ordinance setting their own salaries in excess of that amount. They were elected as township supervisors. They did not become eouncilmen, nor acquire the power of eouncilmen to pass an ordinance fixing their own salaries. They personally profited by their own unlawful act, even though it probably was done in good faith. They should not be permitted to keep the excess compensation. The excess received over the amount allowed supervisors under The Second Class Township Code should be returned by them to the municipal treasury.
We recognize that during the period of transition from a township to a borough there are bound to be problems which are not specifically covered by the statutory law and that the courts must be considerate of municipal officials who, in good faith, make decisions under such circumstances.[4] This solicitous consideration, however, does not extend to officials who by their own action pay themselves more than the law allows.
The order of the court below is modified by reinstating the auditor’s surcharge of the appellees for the excess compensation they paid themselves; otherwise the order is affirmed. Each party to pay his or their own costs.[5]

 Two different persons served in one of the three supervisor offices during 1962, which accounts for four supervisors being parties to this ease.

 See Statutory Construction Act of May 28, 1937, P. L. 1019, §52(2), 46 P.S. §552(2).

 See McKinley v. Luzerne Township School District, 383 Pa. 289, 118 A. 2d 137 (1955) and Baldwin v. City of Philadelphia, 99 Pa. 164 (1881).

 Ordinarily, the period of transition from a township to a borough would be relatively short, thus minimizing the accompanying problems. H'ere the interlude existed for the maximum period contemplated by the legislature. Had the decree been signed a week earlier, the period of transition would have been limited to approximately five months instead of nearly two years and five months.

 On June 11, 1964, the part of the order disposing of the costs in the case was modified to provide that the costs should be paid by the Borough of Franklin.