## Savini Appeal.

Argued November 11, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Ben F. Wright,* with him *David E. Cohen,* for appellant.

*Joseph P. Matuschak,* for appellees.

OPINION BY WOODSIDE, J., December 16, 1964:

The question here is whether the Borough of Republic, in Fayette County, is to come into existence January 1, 1966, or whether it passed out of existence as the result of an election upon the annulment of its charter held November 3, 1964.

The election was ordered by the Court of Quarter Sessions of Fayette County. The order was appealed to this Court by a registered elector of the area who contends that until January 1, 1966, there is no Borough of Republic in existence whose charter can be

annulled. The election was held while the appeal was pending in this Court. We were advised at the oral argument that the voters chose by a substantial majority to annul the charter.

Republic probably had the shortest corporate history of any borough in this Commonwealth. It began on January 22, 1964, when the Fayette County Court of Quarter Sessions, after a full hearing and argument on a petition properly brought, entered a decree incorporating the Village of Republic as a borough. The decree was not immediately recorded as required by §204 of The Borough Code of May 4, 1927, P. L. 519, as reenacted and amended by the Act of July 10, 1947, P. L. 1621, 53 P.S. §45204.

Section 205 of The Borough Code, supra, 53 P.S. §45205, provides that when such petition and decree have been recorded, the area "shall become an incorporated borough, and shall be entitled to the several rights, privileges, and immunities conferred by this act, subject, however, to the provisions of section two hundred eleven of this act."

Section 211 of The Borough Code, supra, 53 P.S. §45211, provides "The said [area] shall continue to be governed as before said incorporation until the first Monday of January following the municipal election next succeeding occurring at least ninety days after the issuance of the final decree establishing such new borough, at which time the officers of said borough chosen, in accordance with section eight hundred five of this act, at such municipal election shall enter upon their respective terms of office, and the borough government shall be duly organized under this act."

On July 28, 1964, more than ten per cent of the registered electors of the area delineated in the court's decree of incorporation as the Borough of Republic petitioned the Court of Quarter Sessions to order an election upon the question of the annulment of the charter

granted by the court approximately six months before. The court properly decided that its only function in such proceeding was to determine if the petition was in due form and properly signed pursuant to §302 of The Borough Code, supra, 53 P.S. §45302. As the petition had been brought more than ninety days prior to the election of November 3, 1964, the court ordered the question of the annulment placed upon that ballot. In its order the court directed that the decree of incorporation be delivered for recording. The recording was merely a ministerial act which, having been done, could not thereafter defeat the right of more than ten per cent of the electors to a popular election on the annulment of the borough's charter.

Section 205 of The Borough Code could not state more clearly the time when an area becomes an incorporated borough. It provides that when the petition and decree have been recorded the area *"shall become an incorporated borough."*

In *Franklin Township Auditors' Report,* 202 Pa. Superior Ct. 415, 200 A. 2d 905 (1963), we had occasion to review the statutory language here involved. We stated there that while the "area" must continue to be governed by its former officers until the borough officials are elected, it, upon recording of the decree, acquires such rights, privileges and immunities of a borough as are not inconsistent with the provisions of Section 211.

The area had become a borough subject to the provisions of The Borough Code, supra, including those relating to the annulment of its charter. The court below properly ordered the election and the will of the electorate to annul the borough's charter should prevail.

Order affirmed.