## Elk County v. Beimel

*Gordon J. Daghir*, for plaintiff.
*Alvin B. Coppolo*, for defendant Joseph Brunner.
*Norbert J. Portzer*, for defendant Vernon Roof and Robert Schreiber.
*Anthony B. Trambley*, for defendant Raymond Krasinski.
*John R. Fernan*, for defendants not otherwise listed.

WOLFE, *P.J.*, February 28, 1985—For disposition is the complaint of plaintiff, Elk County (Coun-

ty), seeking an accounting from defendants and to compel defendants to reimburse the county for monies received by them in the form of an increased salary paid by the county during their tenure in office.

## ISSUES

1. Are defendants obligated to account to plaintiff for monies received by them as salary increase paid by the county from December 29, 1978, through July 27, 1979, by virtue of the trial court's opinion of December 19, 1978, but as reversed by the Commonwealth Court on October 5, 1982?

2. If defendants are obligated to account, are they to make restitution in gross or in net of defendants' salary increase?

3. If defendants are obligated to account, must defendants pay interest on the increase of salary from date of receipt to date of repayment?

## STATEMENT OF FACTS

1. Plaintiff is the Commissioners and representatives of Elk County, Commonwealth of Pennsylvania, a sixth-class county. Defendants, except defendant Robert Schreiber, are or were prior to this adjudication public officials of Elk County serving in various capacities as Commissioner, Prothonotary and Clerk of Courts, Coroner, Jury Commissioner, Auditor, Sheriff, and Recorder of Deeds and Clerk of the Orphan's Court.

Defendant Vernon D. Roof is or was the administrator for the estate of Helen T. Schreiber, Deceased, and before demise an Auditor.

Defendant Robert J. Schreiber is the surviving spouse of decedent Helen T. Schreiber.

2. That from the date of December 29, 1978, to July 27, 1979, defendants received individually or in representative capacities salary increases from the County of Elk by virtue of an adjudication by the President Judge of the 59th Judicial District holding the defendants were legally entitled to an increased salary during their tenure of office under the Act of October 7, 1976, P.L. 1101, 16 P.S. §11011-1 known as Act 223.

3. That the Commonwealth on April 5, 1982, reversed the opinion of the court of common pleas, as to its direction that affected public officials of Cameron and Elk Counties (Defendants herein or their representatives) need not return pay increases under the Act of October 7, 1976, P.L. 1101, 16 P.S. §1101-1 (Act 223).

4. That pursuant to the order of the Commonwealth Court the President Judge of Elk County by order of April 21, 1982, decreed defendants as affected public officials of Elk County return pay increases received pursuant to Act 223 during their then term of office.

5. That defendants have not voluntarily made repayment to Elk County which compelled plaintiff to file the within complaint in equity for accounting.

6. That neither the order of the Commonwealth Court or the order of direction of repayment of the Court of Common Pleas of Elk County specified if the salary increase received by defendants should be returned in gross or in net nor did either opinion specify if interest were to be paid by defendants on their respective amounts received from date of receipt to date of payment.

7. That all of defendants received the increase in salary individually or in representative capacity from Elk County in good faith and with the reasonable belief they were entitled thereto because of the

court adjudication prior to reversal by the appellate court.

8. That the trial judge has recused and the Supreme Court of Pennsylvania has assigned Robert L. Wolfe, President Judge of the 37th Judicial District, to the case to hear and determine all issues.

9. That on February 7, 1985, a conference was held with the court and counsel for all parties to determine all legal issues and if an evidentiary hearing would be necessary to resolve questions of fact or if an adjudication could be entered as a matter of law, there being no disputing the facts.

10. No defendant has requested a hearing.

## DISCUSSIONS OF FACT

Based upon the foregoing findings of fact we conclude the issues before us may be fully resolved as a matter of law and no evidentiary hearing is necessary.

There can be no doubt the order of the Commonwealth is clear defendants must reimburse plaintiff; indeed, defendants do not dispute this issue. Defendants do dispute the fact plaintiff is entitled to gross reimbursement and interest is due plaintiff on the amounts paid to defendants. The order of the Commonwealth Court simply provides:

"The 59th Judicial District Common Pleas Court Order dated October 29, 1979, is reversed as to its direction that affected public officials of Cameron and Elk Counties need not return pay increases made under the Act of October 7, 1976, P.L. 1101, 16 P.S. § 1101-1 (Act 223). We affirm, however, the direction that these same county officials must be paid at the rate established prior to Act 223. We remand for proceedings not inconsistent with this Opinion."

To implement the foregoing order the common pleas court under order of April 21, 1982, ordered defendants to return pay increases received pursuant to Act 223 during their term of office.

Neither the appellate court nor the trial court in their respective orders articulated if repayment were to be made as if defendants had received a gross salary or to repay the net amount received. Nor did the courts direct whether repayment were to be made with interest. Because of this lack of direction the parties fell into a dispute, and as a consequence the complaint in equity for accounting was filed.

Plaintiff's position simply stated its notwithstanding defendants received a net wage they are obligated nonetheless to reimburse plaintiff in the nature of a surcharge for the federal and state taxes withheld as well as the F.I.C.A. and retirement withheld in order to make plaintiff whole, notwithstanding none of defendants received these items. Plaintiff's rationale is these amounts were paid from the treasurer of the county, and the burden is upon defendants to retrieve them from the appropriate agencies rather than plaintiff. We are compelled by logic and equity to disagree.

We believe the flaw in plaintiff's reasoning is plaintiff has approached the restitution in the nature of a "surcharge." The concept of a surcharge is founded upon one's wrong-doing or negligence in the performance of a public office. In short, a surcharge is a penalty. One who is in a fiduciary position must act with the utmost competency and without any misrepresentation in performing the trust placed upon him. Here, however, none of defendants are alleged to have violated any trust or

were negligent in the performance of their duties. It is true all of them either were or are serving in a public capacity; however, that alone is not the test for a surcharge.

As to the logistics as to whom should recoup the amounts paid other state and federal agencies, not only is the plaintiff in a better position to expedite the recoupment of these amounts but equity dictates as between two innocent parties the one who structured the loss, although innocently, should bear the loss or recoup it. The history of this case places the burden fairly upon plaintiff. It was plaintiff who made the salary payment under a judicial order and did not appeal the order but waited until the Supreme Court on June 29, 1979, held in Bakes v. J. W. Snyder, Jr., et al., 486 Pa. 80, 403 A.2d 1307 (1979) that such pay increase was unconstitutional. Nor should plaintiff have been surprised by the holding of Bakes, supra, as this was not a holding of the first impression. Many cases previous to Bakes, supra, have held unequivocally payment increases to public officers during their term is prohibited. Sellers v. Upper Moreland Township School District, 385 Pa. 278, 122 A.2d 800 (1956) wherein the Supreme Court held, "The constitutional provision prohibiting an increase in salary or emoluments of a public officer during the term of office is inexorable and may not be avoided by indirection. Loushay Appeal, 169 Pa. Super. 543, 83 A.2d 408 (1951). A case in point is Apple v. County of Crawford, 105 Pa. 300 (1884).

To expect defendants to challenge the sovereign on a pay increase to them is totally unrealistic. It was the county that made the payment in error, not the employee-defendant. The county would have the employee return the payment in gross being an

amount the employee never received nor will ever receive credit. The Commonwealth Court order directs in substance defendants "return pay increases" which we interpret to mean net pay increases or, stated in another way, to return what in fact they received in hand from plaintiff.

It is true taxes and social security are for the benefit of the employee, therefore are considered as wages subject to these obligations; however, the issue here is who must retrieve what was paid in error. In our opinion the county is in a better position to receive credit for the taxes and social security paid on behalf of defendants against future salary payments.

As to the issue of interest, we hold defendants must make repayment without interest. Payment of interest is contractural in nature and is not implied in a case of this nature. Plaintiff can point to no law under the circumstances here that entitles plaintiff to generate monies on amounts paid. Nor did plaintiff lose interest by making the payments. The county coffers are filled by taxation of its citizens. Even if the county were obligated to borrow funds in expectation of taxation, nonetheless, the county's millage structure is based upon the expenses the county would incur in any given year which would, of course, include the interest paid to a bank or through bonds or other means of a borrowing instrument. In short, the sovereign cannot lose. Here, the county does not allege nor can it show it incurred interest obligations in making payment to defendants through the salary increase. To now compel defendants to make payments with interest at whatever rate effectively penalizes defendants when they have not been a wrong-doer nor acted negligently.

Helen T. Schreiber died September 1, 1978, and defendant Vernon Roof was appointed administrator of her estate. The administrator made payment to the surviving spouse of decedent, Robert T. Schreiber, of the amount received by the administrator from plaintiff that decedent would have received had she survived acting an an auditor. We reject defendant Robert T. Schreiber's argument he received the amount as an estate distribution and therefore is immune from reimbursement. We also reject the argument the amount received by the administrator may be used for priority payments of estate debts. In our opinion the monies received from plaintiff, by virtue of the appellate decision, always have been the funds of plaintiff and must be repaid because the payment should not have been made initially.

As to defendant Ronald T. Beimel, who filed bankruptcy subsequent to his termination of employment with plaintiff, we hold if this defendant has evidence the claim of plaintiff was filed as an indebtedness and discharged in bankruptcy, the bankruptcy proceedings supercede these proceedings; however, in the event the indebtedness was not discharged in bankruptcy defendant Beimel is obligated and bound by this decision.

For the foregoing reasons we enter the following

## CONCLUSIONS OF LAW

1. Defendants are obligated to make restitution to plaintiff in the amount received in the nature of increased salary during their tenure in office.

2. The reimbursement shall be the net amount received by each defendant.

3. Defendants are not obligated to pay interest on the amount received.

We enter the following

## DECREE NISI

And now, this February 28, 1985, it is ordered and decreed that each defendant shall reimburse the County of Elk for the increase in salary received between the dates from December 29, 1978, to July 27, 1979, in the following amounts:

1. Ronald T. Beimel — $6,652.40
2. Joseph Brunner — $4,394.06
3. James Costanzo — $4,236.19
4. Allie Eckert — $ 992.13
5. John F. Hill — $ 817.42
6. Grace Jesberger — $2,435.11
7. Raymond Krasinski — $6,048.43
8. Francis L. Kuntz — $6,816.81
9. George D. Lavella — $5,576.62

10. Vernon D. Roof and/or Robert Schreiber, Administrator and Surviving Husband Respectively of the Estate of Helen Schreiber — $1,379.92

11. Louis V. Uhernick — $5,620.68

Record costs shall be equally divided between plaintiff and defendants.

The prothonotary shall serve each defendant with a copy of the within adjudication and decree by ordinary mail.

Each defendant shall file the exceptions to the within decree nisi within 20 days after service hereof.

If no exceptions are filed the within decree shall become a final decree and entered on the judgment index of the law side of the court as Elk County, plaintiff, by its commissioners versus each named defendant in the amount entered against each defendant.

## AMENDED DECREE NISI

And now, this March 22, 1985, the decree nisi of February 28, 1985, is supplemented and as supplemented it is ordered and decreed that any defendant who fails to comply to the within decree shall be arrested by attachment of his person and his property sequestered pursuant to Rule 1529 [c] of the Rules of Civil Procedure.

The prothonotary shall serve each party with a copy of the within amended decree by ordinary mail.

The parties are granted 20 days to file exceptions to the within supplemented decree nisi from the date hereof, and if no exceptions are filed the within amended decree shall become a final decree and entered on the law side of the court as Elk County, plaintiff, by its commissioners versus each named defendant.